UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONALD CHAMPAGNE                               CIVIL ACTION

VERSUS                                         NO: 10-2778

CHET MORRISON CONTRACTORS, ET                  SECTION: R(3)
AL.


**ORDER AND REASONS**

Defendant Power Dynamics, L.L.C. moves to dismiss plaintiff Donald Champagne's complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Because Champagne alleges enough facts to state a claim regarding the pipe tension machine, the Court DENIES the motion.

**I.   BACKGROUND**

Plaintiff Donald Champagne was an employee of defendant Chet Morrison Contractor's, L.L.C. Defendant CM 15, L.L.C. owned the vessel on which Champagne worked, and defendant Power Dynamics, L.L.C. performed repairs on the vessel. On November 14, 2009, Champagne was injured when a joint of pipe became "unexpectedly" dislodged from a pipe roller and struck him while he was on board the CM 15.[2] Champagne sued Chet Morrison and CM 15 on August 18,

---

    [1]    R. Doc. 50.

    [2]    R. Doc. 44 at ¶X.

2010 under the Jones Act and general maritime law.  Champagne
alleges that the defendants failed to provide him with a safe
work environment and negligently repaired the CM 15.  On April
10, 2012, Champagne filed an amended complaint, in which he named
Power Dyanmics as an additional defendant.[3]

Power Dynamics now moves to dismiss for failure to state a
claim.[4]  Power Dynamics contends that Champagne has not alleged
any facts that, if taken to be true, support his negligence claim
against Power Dynamics.  Champagne opposes the motion.[5]


**II. STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff
must plead enough facts "to state a claim to relief that is
plausible on its face."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960
(2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
(2007)).  A claim is facially plausible when the plaintiff pleads
facts that allow the court to "draw the reasonable inference that
the defendant is liable for the misconduct alleged."  *Id.* at
1949.  A court must accept all well-pleaded facts as true and
must draw all reasonable inferences in favor of the plaintiff.
*Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009);

---

[3]  R. Doc. 44.

[4]  R. Doc. 50.

[5]  R. Doc. 53.

*Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

**III. DISCUSSION**

"[N]egligence is an actionable wrong under general maritime law," and the elements of that tort are "essentially the same as land-based negligence under the common law." *Withhart v. Otto Candies, L.L.C.*, 431 F.3d 840, 842 (5th Cir. 2005). To state a claim under maritime law, the "plaintiff must demonstrate that

3

there was a duty owed by the defendant to the plaintiff, breach of that duty, injury sustained by the plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 211 (5th Cir. 2010)(quoting *Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000))(internal quotations omitted).

Power Dynamics asserts that Champagne's allegations rest on the *post hoc ergo propter hoc* fallacy, which "assumes causality from temporal sequence." *Huss v. Gayden*, 571 F.3d 442, 459 (5th Cir. 2009)(quoting *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1243 (11th Cir. 2005)). Champagne alleges that Power Dynamics was the company that performed repairs "to one or more appurtenances, including the tension machine of the vessel CM 15 prior to the accident which forms the basis of this suit."[6] Champagne further alleges that he was injured when a joint of pipe unexpectedly became dislodged from a pipe roller and struck him on the CM 15.[7] Champagne contends that defendants "fail[ed] to properly repair the tension machine and/or other appurtenances of the CM 15 so as to cause injury to Plaintiff."[8] It is clear that Champagne's allegations rest on Power Dynamics'

---

[6] R. Doc. 44 at ¶VIII.

[7] *Id.* at ¶X.

[8] *Id.* at ¶XI.

4

responsibility to repair the tension machine and/or other appurtenances properly, not purely on temporal proximity.

The Court finds that Champagne's allegation that Power Dynamics failed to repair properly the pipe tension machine, and that failure caused him injury when the pipe slid out unexpectedly, states a claim for negligence. A plausible inference from Champagne's allegation is the lack of tension from improperly repaired equipment caused the pipe to slip and injure him. *See Mayne v. Omega Protein Inc.*, 370 Fed. Appx. 510, 514 (5th Cir. 2010)(allegations "that Captain Schools was negligent in continuing to draw in the net when the ring was caught and that the vessel was unseaworthy because it allowed the ring to catch" were sufficiently fact-specific to state a claim).

Champagne's allegation about failing to repair "other appurtenances," however, fails to state a claim. It does not state what the other appurtenances are, and there is no basis to infer how such "other appurtenances" could have caused his injury. Further, the vagueness of "other appurtenances" fails to give defendants notice of the claim they must defend. *See TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 357 (5th Cir. 2008)(Federal Rule of Civil Procedure 8 requires plaintiffs to "plead sufficient facts to put the defense on notice of the theories on which the complaint is based")(internal citations omitted).

Accordingly, the Court finds that Champagne's claim is limited to proof that the pipe tension equipment was the causal mechanism of his injury.

IV. **CONCLUSION**

For the foregoing reasons, the Court DENIES Power Dyanmic's motion to dismiss.

New Orleans, Louisiana, this 30th day of July, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE